### 19094

Ex parte Mary J. Dail ROPER, Appellant. In re Faye Vaughn DAIL (Now known as Faye V. Wilkie), Respondent, v. Victor DAIL, Appellant.

(176 S. E. (2d) 175)

---

*Messrs. J. Roy Berry,* of Johnston, and *W. Ray Berry,* of Columbia, *for Appellants,*

560

*Joe F. Anderson, Esq.,* of Edgefield, *for Respondent,*

August 19, 1970.

BUSSEY, Justice.

This is a proceeding involving the custody of Wendy Yvonne Dail, age 6 at the time of the hearing below. Her parents, Victor Dail and Faye Vaughn Dail (now Wilkie), were divorced on September 5, 1968, and custody awarded to the mother, but with the right of visitation by the father while Wendy was visiting the home of her paternal grandmother, Mary J. Dail Roper, the petitioner-appellant herein.

Shortly after the decree of divorce a consent decree was entered whereby Mrs. Roper was awarded visitation by the said child for one week each month until the child began school, and thereafter for one weekend each month and two weeks each summer, in addition to a portion of the Christmas holidays, custody otherwise being granted exclusively to the mother of the child, now Mrs. Wilkie. The present proceeding was commenced by Mrs. Roper in August 1969, during a period of visitation by Wendy. Her petition questioned the propriety or advisability of continuing the custody of Wendy with her mother because of an alleged experience of Wendy with her stepfather, asserted to be improper and detrimental to the child. Upon the filing of this petition the court issued an order awarding custody, *pendente lite,* to Mrs. Roper and referring the cause to a special referee to take the testimony and report his findings of fact and conclusions of law as to "what would be a proper custody for the minor child" and "whether continuance of the custody in the home of the natural mother and in the home of the paternal grandparent, the Petitioner herein, would be detrimental to the child."

Considerable testimony was taken before the special referee but we do not think any good purpose could be served by reviewing such in great detail. In brief, Mrs. Roper and her husband were allowed to testify, without objection, that Wendy had reported to them one or more instances of indecent exposure on the part of her stepfather, and had also charged her stepfather with undue familiarity and liberties with her person.

The Ropers took the child to the Mental Health Center at Greenwood. Professional personnel there endeavored to talk with Wendy but got very little from her other than that she had had some unpleasant experience with her stepfather which she did not wish to talk about. It was the opinion of these professionals that the child should not be permanently removed from her mother, but that she should not be returned immediately, nor until more facts could be learned.

The special referee made an effort to talk with Wendy, and Mr. and Mrs. Roper, as well as Mrs. Wilkie, tried, without success, to persuade Wendy to talk with the referee alone. From his observation of the parties, the referee concluded that while Wendy was attached to the Ropers, she seemed to be much more relaxed with her mother.

Mr. Wilkie testified at length and categorically denied any impropriety of whatsover kind. Mrs. Wilkie expressed full confidence in her present husband and the opinion that there had been no impropriety on his part.

In his findings of fact the special referee summarized the evidence and concluded that "The evidence is not sufficient to justify the court in removing the child from her mother even temporarily." He further concluded and recommended to the court that it was in the best interests of the child that she be returned to the custody of her mother. Numerous exceptions were taken to the report of the special referee, which was confirmed by the circuit court, the order containing, *inter alia,* the following:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the sole and absolute custody and control of the child Wendy Yvonne Dail is granted to her mother, Faye Vaughn Wilkie, and that Mrs. Wilkie may permit, if she so desires, the Roper grandparents to visit her child in her home but the Ropers shall not carry Wendy from the Wilkie home."

Both Mrs. Roper and Mr. Dail have appealed and several exceptions challenge the findings of fact below and the ultimate finding or conclusion that the best interest of the child would be served by returning her custody to Mrs. Wilkie. It is well settled that the Supreme Court, in an equity case such as this, will not disturb concurrent findings of fact below unless such are against the clear preponderance of the evidence or are without evidentiary support. While we have only briefly reviewed the nature and extent of the evidence, we are satisfied that the concurrent findings of fact were fully supported by the evidence and that there was no error in concluding that the best interest of the child would be served by returning her custody to her mother.

Other exceptions of the appellants challenge the provisions of the order with respect to visitation rights. The visitation rights previously accorded to Mrs. Roper were terminated and limited visitation in the future permitted only at the sufferance of Mrs. Wilkie, leaving Mrs. Roper without any legal right of visitation. The order also had the effect of terminating any right of visitation on the part of the father since the only visitation rights previously accorded to him could be exercised and enjoyed only while Wendy was in the Roper home.

Neither the pleadings, the testimony before the special referee, nor the report of the special referee make any mention, directly or indirectly, of the termination or limitation of any visitation rights of either the Ropers or the father. It, therefore, appears that the order of his

Honor, with respect to visitation rights, went beyond the scope of the issues raised by the parties. But where the rights and best interests of a minor child are concerned, the court may appropriately raise, *ex mero motu*, issues not raised by the parties. In the instant case, however, the order of his Honor sets forth no explanation or reasons for going into, considering, modifying, limiting or abolishing pre-existing visitation rights and privileges. Under these circumstances, we think it appropriate that the cause be remanded to the court below for further consideration of the nature and extent of visitation rights which should or should not be permitted the Ropers and/or the father of the child. Upon remand, all parties shall be entitled to be fully heard in this connection.

The judgment of the lower court is affirmed, insofar as it awarded the complete custody and control of the minor child, Wendy Yvonne Dail, to her mother, but the cause is remanded, without decision, as to visitation rights.

Affirmed in part and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.